MARC A. PILOTIN
Regional Solicitor
DAVID KAHN
Associate Regional Solicitor
TARA STEARNS (Cal. Bar No. 291130)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (202) 967-5737
Stearns.Tara.E@dol.gov
*Attorneys for Petitioner Julie A. Su,*
*Acting Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE A. SU,<br>   Acting Secretary of Labor,<br>    United States Department of Labor,<br><br>                      Petitioner,<br>    v.<br><br>AMAZON.COM SERVICES LLC,<br><br>                      Respondent. | Case No. 2:23-mc-00084-JCC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA** |

## INTRODUCTION

The Acting Secretary of Labor, U.S. Department of Labor ("the Acting Secretary"), brings this petition because Amazon.com Services LLC ("Amazon") has refused to provide records subpoenaed by the Office of Labor-Management Standards (OLMS), U.S. Department of Labor, in an investigation under the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA" or "the Act"), 29 U.S.C. §§ 401 *et seq.* As part of this investigation, OLMS served an administrative Subpoena *Duces Tecum* on Amazon. To date, Amazon has produced nothing.

Under settled precedent, the Court should order Amazon to produce responsive documents immediately. The Subpoena was lawfully issued pursuant to OLMS's delegated authority to investigate and enforce the LMRDA. The Acting Secretary has complied with all

MPA ISO PETION TO ENFORCE
ADMINISTRATIVE SUBPOENA
Case No. [Case Number]          Page 1

90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
(202) 961-5737

procedural requirements and the records sought are relevant and material to the investigation. Amazon cannot show any legitimate reason why the Subpoena should not be enforced.

Amazon's failure to produce responsive documents is impeding the Acting Secretary's ability to carry out her duties under the LMRDA. Accordingly, this Court should grant the Acting Secretary's Petition to enforce the Subpoena.

## FACTUAL BACKGROUND

### A.  The Employer Reporting Requirements of the LMRDA

In enacting the LMRDA, Congress sought to ensure that both employers and labor organizations "adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organization, particularly as they affect labor-management relations." LMRDA § 2(a), 29 U.S.C. § 401(a). To prevent "improper practices on the part of . . . employers," the LMRDA imposes disclosure and reporting requirements for certain types of financial transactions. LMRDA §§ 2(c), 203(a), 29 U.S.C. §§ 401(c), 433(a). Employers who make these transactions must file an annual report with the Secretary of Labor detailing the date and amount of each such payment during the previous fiscal year and disclosing a full explanation of the circumstances of all such payments. *Id.* § 203(a), 29 U.S.C. § 433(a); 29 C.F.R. § 405.3.

Among other things, employers are required to report:

- "any expenditure . . . where an object thereof, directly or indirectly, . . . is to obtain information concerning the activities of employees or a labor organization in connection with a labor dispute involving such employer," LMRDA § 203(a)(3), 29 U.S.C. § 433(a)(3);

- "any expenditure . . . where an object thereof, directly or indirectly, is to interfere with, restrain, or coerce employees in the exercise of the right to organize and bargain collectively through representatives of their own choosing,"[1] *Id.* § 203(a)(3), 29 U.S.C. § 433(a)(3); or

- "any payment (including reimbursed expenses)" to any employee "for the purpose of causing such employee . . . to persuade other employees" in the

---

[1] The term "interfere with, restrain, or coerce" means interference, restraint, and coercion which would constitute an unfair labor practice under § 8(a) of the National Labor Relations Act ("NLRA"). LMRDA § 203(g), 29 U.S.C. § 433(g).

MPA ISO PETION TO ENFORCE
ADMINISTRATIVE SUBPOENA
Case No. [Case Number]                    Page 2

90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
(202) 961-5737

exercise of their right to organize and bargain collectively through representatives of their own choosing unless those payments are disclosed to other employees, *Id.* § 203(a)(2), 29 U.S.C. § 433(a)(2).

The LMRDA provides that the contents of these reports shall be public information and the Act authorizes the Secretary to publish any information and data obtained pursuant to the Act. LMRDA § 205, 29 U.S.C. § 435.

### B.     Amazon's Response to a Union Organizing Campaign in Staten Island

In April 2021, a group of Amazon warehouse employees in Staten Island, New York founded the Amazon Labor Union ("the Union") and began a campaign to organize employees. Declaration of Chad Markham ("Markham Decl."), ¶ 7, Ex. 1 at 2. Amazon responded to the Union with a campaign to dissuade employees from signing union authorization cards and electing union representation. Markham Decl., ¶ 8, Ex. 1 at 6.

According to information OLMS has gathered and NLRB filings, Amazon managers and/or employees from other parts of the country took part in Amazon's response to the union organizing campaign in Staten Island. Markham Decl. ¶ 8, Ex. 1 at 10. Among other things, these individuals escorted employees to mandatory meetings in which Amazon's agents made statements in opposition to the Union and union representation. *Id.* ¶ *8*, Ex. 1 at 10. These out-of-town managers and/or employees also tracked attendance at the mandatory meetings, made statements in opposition to the Union at the meetings, and spoke with individual employees on the warehouse floor about voting against union representation. *Id.* ¶ 8, Ex. 1 at 10.

In January 2023, an NLRB ALJ found that Amazon committed certain unfair labor practices in connection with its response to the Staten Island organizing campaign, including through the activities of Amazon's agents at the mandatory meetings. Markham Decl. ¶ 13, Ex. 2. The ALJ found that Amazon agents had violated the NLRA by, among other things, threatening that if employees voted to unionize, their employment terms would be frozen and would not improve during lengthy bargaining negotiations. *Id.* ¶ 9, Ex. 1 at 31-32, 1619.

//

MPA ISO PETION TO ENFORCE
ADMINISTRATIVE SUBPOENA
Case No. [Case Number]     Page 3

90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
(202) 961-5737

### C. The OLMS Investigation and Subpoena

In May 2022 OLMS opened an investigation into whether Amazon had made financial transactions in response to the Staten Island union organizing campaign that are required to be reported on a financial disclosure report under the LMRDA. Markham Decl. ¶ 11.

In November 2022, OLMS Supervisory Investigator Chad Markham requested that Amazon produce documents related to expenditures Amazon may have made in response to the campaign. *Id.* ¶ 12. On March 31, 2023, Investigator Markham again requested records and gave Amazon until the end of April to respond. *Id.* ¶ 13. Amazon did not respond. *Id.*

On August 1, 2023, OLMS served an administrative subpoena *duces tecum* on Amazon. Markham Decl. ¶ 14, Ex. 2. The Subpoena requests documents identifying the Amazon officers, managers, and employees who traveled to Staten Island and participated in Amazon's response to the union organizing drive, records related to any travel expenditures that Amazon may have paid to send those individuals to Staten Island, job descriptions for the individuals who traveled, and records related to the meetings that these individuals held with Staten Island employees. *Id*; Ex. 2.

The Subpoena's production deadline was September 8, 2023. Markham Decl. ¶ 22. The Acting Secretary conferred with Amazon for two months in an effort to secure Amazon's compliance with the Subpoena. Declaration of Tara Stearns (Stearns Decl.), ¶¶ 2-4. Despite the Acting Secretary's efforts, the parties were unable to reach an agreement and Amazon has failed to produce any responsive documents. Stearns Decl. ¶ 5; Markham Decl. ¶ 22.

## ARGUMENT

**A. The Secretary meets the requirements for enforcing an administrative subpoena.**

The scope of judicial review in an agency subpoena enforcement proceeding "is quite narrow." *E.E.O.C. v. Fed. Exp. Corp.*, 558 F. 3d 842, 854 (9th Cir. 2009) (internal quotation marks and citation omitted). As the Supreme Court and the Ninth Circuit have repeatedly affirmed, courts should not refuse to enforce an administrative subpoena based on "a fact-based claim regarding coverage or compliance with the law." *E.E.O.C. v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001); *see also Fed. Exp. Corp.,* 558 F.3d at 848 (internal quotation

MPA ISO PETION TO ENFORCE
ADMINISTRATIVE SUBPOENA
Case No. [Case Number]   Page 4

90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
(202) 961-5737

marks and citation omitted) ("[A] party may not defeat agency authority to investigate with a claim that could be a defense if the agency subsequently decides to bring an action against it."). "The judicial inquiry is narrow because 'judicial review of early phases of an administrative inquiry results in interference with the proper functioning of the agency and delays resolution of the ultimate question whether the Act was violated.'" *Fed. Exp. Corp.*, 558 F.3d at 849 (9th Cir. 2009) (quoting *EEOC v. Shell Oil Co.,* 466 U.S. 54, 81 n.38 (1984)).

The critical questions in a subpoena enforcement proceeding are "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Karuk Tribe Hous. Auth.*, 260 F.3d at 1076 (quoting *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir.1983) (en banc), *abrogated on other grounds by Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 (1991), *as recognized by Prudential Ins. Co. v. Lai*, 42 F.3d 1299, 1303 (9th Cir. 1994)). "An affidavit from a government official is sufficient to establish a prima facie showing that these requirements have been met." *F.D.I.C. v. Garner*, 126 F.3d 1138, 1143 (9th Cir. 1997).

Once the agency has made this showing, "the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." *Children's Hosp. Med. Ctr.,* 719 F.2d at 1428.

1. *Congress granted the Secretary authority to investigate.*

Section 601(a) of the LMRDA, 29 U.S.C. § 521(a), grants the Secretary broad powers to investigate whether "any person has violated or is about to violate" any provision of the LMRDA (except Subchapter II, 29 U.S.C. §§ 411-15). In connection with that investigation, the Secretary may "enter such places and inspect such records and accounts and question such persons as he may deem necessary to enable him to determine the facts relative thereto." LMRDA § 601(a), 29 U.S.C. § 521(a). Under § 601(b) of the LMRDA, the Secretary may issue a subpoena to require

MPA ISO PETITION TO ENFORCE
ADMINISTRATIVE SUBPOENA
Case No. [Case Number]     Page 5

90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
(202) 961-5737

the production of documentary evidence relating to any matter under investigation.[2] 29 U.S.C. § 521(b). The Secretary is not required to demonstrate that probable cause exists to launch an investigation. *McLaughlin v. Serv. Emps. Union, AFL-CIO, Loc. 280*, 880 F.2d 170, 174 (9th Cir. 1989). Indeed, the Supreme Court has held that administrative investigations and their associated subpoenas should be accorded the same broad latitude provided to grand jury investigations and their subpoenas. *See United States v. Morton Salt Co.*, 338 U.S. 632, 642–43 (1950); *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 216 (1946). An agency charged with seeing that the laws are enforced may investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Morton Salt*, 338 U.S. at 642-43; *Oklahoma Press Publ'g*, 327 U.S. at 216.

This investigation falls within the scope of the Acting Secretary's authority under the LMRDA. As set forth in the declaration of Supervisory Investigator Chad Markham, the agency initiated this investigation to determine whether Amazon may have violated the reporting requirements of Subchapter III, § 203(a) of the LMRDA, 29 U.S.C. § 433(a). Markham Decl., ¶ 11. Such an inquiry is for a purpose lawfully authorized by Congress and is therefore legitimate and within the Acting Secretary's authority. This District recently confirmed that the Acting Secretary is authorized to investigate employers for compliance with the LMRDA's reporting requirements. *See Su v. Starbucks Corp.*, No. 23-MC-45 MJP, 2023 WL 6461146, at *2 (W.D. Wash. Oct. 4, 2023) (enforcing OLMS subpoena against Starbucks).

   2. *OLMS followed the appropriate procedures for issuing subpoenas.*

Amazon has not disputed that the Subpoena was properly issued or served. The Subpoena was issued by then Supervisory Investigator Chad Markham. Markham Decl. ¶ 14, Ex. 2. Mr. Markham was authorized to issue the Subpoena under the LMRDA by delegation of authority from the relevant OLMS District Director, the Director of OLMS, and the Acting Secretary of

---

[2] Section 601(b) of the LMRDA, 29 U.S.C. § 521(b), makes the provisions of §§ 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49, 50, applicable to the Secretary's power to conduct investigations under the LMRDA. 15 U.S.C. § 49 provides for the issuance of subpoenas to obtain documentary evidence and enforcement in district court in the event of noncompliance.

MPA ISO PETION TO ENFORCE
ADMINISTRATIVE SUBPOENA
Case No. [Case Number]                    Page 6

90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
(202) 961-5737

Labor. *Id.*; *see also* 29 U.S.C. § 521(b); Secretary's Order 03-2012 (Oct. 19, 2012), published at 77 FR 69376 (Nov. 16, 2012). The Subpoena was properly served upon Amazon. Markham Decl., ¶ 14. Thus, the agency followed appropriate procedures in issuing the Subpoena.

        3.   *The documents sought are relevant and material to the investigation.*

The Ninth Circuit has held that courts should grant administrative agencies broad latitude in determining the relevance of documents sought by an agency subpoena. *See Fed. Exp. Corp.*, 558 F.3d at 854. Relevance and materiality are "determined in terms of the investigation rather than in terms of evidentiary relevance." *Id.* The term "relevant" is "generously construed" to include "any material that might cast light on the allegations against the employer." *Id.* at 854 (quoting *EEOC v. Shell Oil Co.,* 466 U.S. 54, 81 n. 38 (1984)). If the evidence sought is "not plainly incompetent or irrelevant to any lawful purpose of the agency," the subpoena must be enforced. *Id*. (internal citations and quotation marks omitted).

Here, the documents sought are relevant and material to OLMS's investigation into whether Amazon was required to report certain expenditures it made in response to the Staten Island organizing campaign under § 203(a) of the Act, 29 U.S.C. § 433(a). The Subpoena seeks documentation related to the trips that corporate officers, managers, and/or employees made to Staten Island. Markham Decl. ¶ 15, Ex. 2. If Amazon sent these individuals to Staten Island to obtain information about employee union organizing activities, to interfere with employees' exercise of their union organizing rights, and/or to persuade employees not to join the union, then Amazon may have been required to report expenditures associated with their travel under LMRDA §§ 203(a)(2) and (3), 29 U.S.C. § 433(a)(2), (3). Records identifying the individuals who traveled are relevant because OLMS is investigating whether Amazon made any reportable expenditures in relation to those individuals. Markham Decl. ¶ 19. Documents related to meetings these individuals attended with employees in Staten Island are relevant to determining whether Amazon brought those individuals to Staten Island for one of the covered purposes. Travel expense records are relevant to the OLMS investigation because the documents will show the scope and nature of any expenditures Amazon made to cause those individuals to travel to Staten Island. Markham Decl. ¶¶ 19-20. The requested job descriptions for these individuals will

MPA ISO PETION TO ENFORCE
ADMINISTRATIVE SUBPOENA
Case No. [Case Number]                                 Page 7

90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
(202) 961-5737

assist OLMS in investigating the regular job duties of these individuals, which is relevant to whether a potential reporting exemption under LMRDA § 203(e), 29 U.S.C. § 433(e), may apply to certain expenditures. *Id.* ¶ 21. Finally, documents relating to Amazon's travel purchasing and reimbursement policies will assist OLMS in reviewing and evaluating the expense records produced in response to the Subpoena. *Id.* ¶ 19.

As set forth above, the Acting Secretary has made a *prima facie* case showing that OLMS has statutory authority for the investigation, that it followed procedural requirements, and that the documents sought are relevant and material to the investigation. Once the Acting Secretary makes this showing, she is entitled to the issuance of an order to show cause why the administrative subpoena should not be enforced. *See Children's Hosp.*, 719 F.2d at 1428.

B.     **The Subpoena is not overbroad or unduly burdensome.**

Amazon cannot meet its burden of proving that the Subpoena is overbroad or unduly burdensome. District courts in this Circuit, following other circuits, have recognized that the standard for showing that an agency subpoena is unduly burdensome "is not easy to meet." *U.S. E.E.O.C. v. Aaron Bros. Inc.*, 620 F. Supp. 2d 1102, 1106 (C.D. Cal. 2009); *see also Fed. Hous. Fin. Agency v. SFR Invs. Pool 1, LLC*, No. 217CV00914GMNPAL, 2018 WL 1524440, at *7 (D. Nev. Mar. 27, 2018) (collecting cases). As the Tenth Circuit has explained, an employer may not evade complying with a subpoena "simply upon the cry of 'unduly burdensome.'" *E.E.O.C. v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993). "Rather, the employer must show that compliance would unduly disrupt and seriously hinder normal operations of the business." *Id; see also F.T.C. v. Texaco, Inc.*, 555 F.2d 862, 882 (D.C. Cir. 1977) ("[C]ourts have refused to modify investigative subpoenas unless compliance threatens to unduly disrupt or seriously hinder normal operations of a business."); *N.L.R.B. v. Vista Del Sol Health Servs., Inc.*, 40 F. Supp. 3d 1238, 1266 (C.D. Cal. 2014) (employer failed to show that compliance would "seriously disrupt or threaten its business").

Here, Amazon has not contended that compliance with the Subpoena would "unduly disrupt or seriously hinder" its normal operations. Nor can Amazon claim that the Subpoena is

MPA ISO PETION TO ENFORCE
ADMINISTRATIVE SUBPOENA
Case No. [Case Number]                                     Page 8

90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
(202) 961-5737

overbroad. The Subpoena is tailored to the scope of this investigation as the records are limited both as to time and subject matters relevant to the investigation.

## CONCLUSION

The Acting Secretary has met her burden of establishing that she is engaged in a legitimate law enforcement inquiry and the records requested in the Subpoena are relevant to that investigation. Further, the subpoena is not overbroad or unduly burdensome. The Court should order Amazon to produce all documents requested by the Subpoena.

Dated: December 7, 2023

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

DAVID KAHN
Associate Regional Solicitor

 /s/ Tara Stearns
TARA STEARNS
Senior Trial Attorney

*Attorneys for Petitioner Julie A. Su, Acting United States Secretary of Labor*

MPA ISO PETION TO ENFORCE
ADMINISTRATIVE SUBPOENA
Case No. [Case Number]   Page 9

90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
(202) 961-5737